IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES GREGORY HOWELL, JR.,

      Plaintiff,

v.

THE MOREHOUSE SCHOOL OF
MEDICINE, INC.,

      Defendant.

CIVIL ACTION FILE

NO. 1:20-CV-3389-MHC

## ORDER

On September 14, 2021, this Court granted in part and denied in part

Defendant's motion to dismiss Plaintiff's Amended Complaint [Doc. 47]. On July

8, 2022, this Court denied Plaintiff's motion for reconsideration of its September

14, 2021, Order and granted Defendant's motion to dismiss on Plaintiff's

remaining federal claims [Doc. 74]. On October 11, 2022, this Court entered an

order declining to exercise supplemental jurisdiction over Plaintiff's remaining

state law claims and dismissed them without prejudice [Doc. 85]. On November 9,

2022, Plaintiff filed a Notice of Appeal of this Court's orders [Doc.87], as well as

an Application to Appeal In Forma Pauperis ("IFP Appl.") [Doc. 88], the latter of

which is before this Court for review.

Applications to appeal IFP are governed by Federal Rule of Appellate Procedure 24 and 28 U.S.C. § 1915.  16A Charles ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 3970 Procedure for Appeals in Forma Pauperis (5th ed. 2020).  Rule 24 provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

FED. R. APP. P. 24(a).  "If the district court grants the motion [to appeal in forma pauperis], the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise."  FED. R. APP. P. 24(a)(2).

"Rule 24 [] is meant to work in tandem with Section 1915."  WRIGHT & MILLER, Federal Practice and Procedure § 3970.  In addition to satisfying Rule 24, a party seeking leave to appeal IFP must satisfy the requirements set out in 28 U.S.C. § 1915.  This is true for both prisoner and non-prisoner IFP applicants.  See Taliaferro v. United States, 677 F. App'x 536, 537 (11th Cir. 2017) (citations omitted) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.").  Like Rule 24, § 1915 requires an IFP applicant to "submit[] an affidavit that includes a statement

2

of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[1]

"An application for leave to proceed IFP 'need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915.'" Thomas v. Chattahoochee Jud. Cir., 574 F. App'x 916, 917 (11th Cir. 2014) (quoting Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004)). An application is "'sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.'" Id.

Plaintiff has submitted an affidavit in which he states that his monthly income is exceeded by his monthly expenses.  IFP. Appl. at 6-9.  The Court finds that Plaintiff has satisfied the poverty requirement necessary to proceed IFP under Federal Rule of Appellate Procedure 24 and 28 U.S.C. § 1915.

28 U.S.C. § 1915(a)(3) sets forth the standard for appealing *in forma pauperis*: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  See also FED R. APP. P. 24(a)(2) ("If

_____

[1] Section 1915 applies to all litigants despite the reference to "prisoner" in this subsection.  Mitchell v. Farcass, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring).

the district court denies the motion, it must state its reasons in writing."). "Good faith" in this context is measured objectively. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). "[A] defendant's good faith . . . [is] demonstrated when he seeks appellate review of any issue not frivolous." Id. at 445. An *in forma pauperis* action is frivolous if it is "without arguable merit in either law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, if the claim is arguable, but "ultimately will be unsuccessful," the claim should survive a frivolity review. Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

Having reviewed the record before it, the Court concludes that, although it believes that Plaintiff's appeal ultimately will be unsuccessful, the Court does not conclude it is "without arguable merit in either law or fact." Based on the foregoing, it is hereby **ORDERED** that Plaintiff's application to appeal in forma pauperis [Doc. 88] is **GRANTED**.

**IT IS SO ORDERED** this 9th day of November, 2022.

_____

MARK H. COHEN
United States District Judge